JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRYAN JOYNER,

   Plaintiff,

v.

EXTIME PS LLC, et al.,

   Defendants.

No. 2:26-cv-00092-JAK (BFMx)

**ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

**[JS-6: ACTION REMANDED]**

1

On November 14, 2025, Bryan Joyner ("Plaintiff") brought this action against Extime PS LLC ("PS LLC") and Does 1–50 in the Los Angeles Superior Court. Dkt. 3, Ex. 1. On January 5, 2026, Defendant filed a Notice of Removal on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. Dkt. 1 ¶ 9. On May 11, 2026, Plaintiff filed a Motion for Leave to Substitute Extime PS Inc. ("Extime") for Doe 1 and The Private Suite LAX LLC ("PS LAX") for Doe 2, Dkt. 21, which was granted on May 27, 2026. Dkt. 25.

On May 27, 2026, Defendants were also ordered to show cause why this action should not be remanded for lack of subject-matter jurisdiction in light of evidence that PS LAX may be a citizen of California, which is the state of which Plaintiff is a citizen.[1] Dkt. 25 at 4–5 ("OSC"). On June 15, 2026, Defendants filed their initial response to the OSC. Dkt. 30 ("Response"). It states that PS LAX's two members are PS LLC and PittFactoryMade Aviation, LLC ("PittFactoryMade"). *Id.* ¶ 3. Although the Response states that PS LLC is not a citizen of California, it also states that Defendants have not been able to "determine the citizenship" of the members of PittFactoryMade -- which is a "minority member" of PS LAX, with a 1% ownership interest. *Id.* ¶¶ 4–5. Therefore, they stated that they "could not presently ascertain" PittFactoryMade's citizenship. *Id.* ¶ 5. Based on the Response, the OSC was continued to June 30, 2026 to permit Defendants to complete their investigation into the citizenship of PittFactoryMade and PS Lax. Dkt. 31.

On June 29, 2026, Defendants filed a Supplemental Response to the OSC. Dkt. 34 ("Supplemental Response"). In the Supplemental Response, they state that they "have determined that PittFactoryMade . . . is a Delaware limited liability entity whose

---

[1] The OSC also afforded Defendants the opportunity to "file a motion pursuant to Fed. R. Civ. P 19 and 21" to remove PS LAX from this action based on the contention that its joinder was intended to defeat subject-matter jurisdiction. Dkt. 25 at 4–5. Defendants did not do so within the specified time period.

2

business address is in Beverly Hills." *Id.* ¶ 5. Defendants represent that, "despite a diligent investigation," they have still "been unable to confirm the citizenship of all [of PittFactoryMade's] members." *Id.* Defendants also state that they "do not anticipate obtaining further information regarding the citizenship of" these members. *Id.* ¶ 6. Plaintiff failed to file a response to the OSC by the July 6, 2026 deadline. Dkt. 31.

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). The removal statute is construed strictly; jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking to remove an action bears the burden of establishing the grounds for federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, removal jurisdiction must be addressed *sua sponte*. *See WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc).

Removal jurisdiction based on diversity is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. "[A]mending a complaint to join a non-diverse party destroys diversity jurisdiction." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 38 (2025). If "such a joinder occurs after removal, the federal court must remand the case to the state court it began in." *Id.*

Because an LLC is a citizen of every state of which any of its members is a citizen, PittFactoryMade's citizenship must be ascertained to determine the citizenship of PS LAX. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011) (the defendant LLCs failed to satisfy their burden to show complete diversity

3

of citizenship where they failed to state the citizenship of their members); *W. Charleston Lofts III, LLC v. Farina*, No. 16-CV-2491, 2017 WL 2218310, at \*1 (D. Nev. May 19, 2017) (rejecting the argument that citizenship of a member should be ignored because it "has only a small interest in, and little control over, the LLC" defendant). PittFactoryMade's citizenship cannot be ascertained because Defendants have "been unable to confirm the citizenship of all [of PittFactoryMade's] members" despite diligent efforts, and do not anticipate obtaining additional information. Dkt. 34 ¶¶ 5–6. Accordingly, because the citizenship of PS LAX depends on the citizenship of its member PittFactoryMade -- which is not known, and is not likely to become known with further investigation -- there remains unresolvable uncertainty as to the citizenship of PS LAX.

Because doubt remains as to whether complete diversity of citizenship is satisfied, the Court cannot determine, by a preponderance of the evidence, that it has subject-matter jurisdiction over this dispute. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction."). Accordingly, this action must be remanded for a lack of a showing of subject-matter jurisdiction. *See* 28 U.S.C. § 1447(e).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

For the foregoing reasons, this action is **REMANDED** to the Los Angeles Superior Court, at its Spring Street Courthouse, Case No. 25STCV33415. All pending deadlines, hearings, and appearances are **VACATED**.

**IT IS SO ORDERED.**

Dated: July 8, 2026

_____

John A. Kronstadt

United States District Judge

5